IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:14-cv-60772-RSR

BRIAN BATCHELDER,

    Plaintiff,

vs.

CBRE, INC., f/k/a CB RICHARD ELLIS,
INC.,

    Defendant.               /

## ANSWER AND AFFIRMATIVE DEFENSES

The Defendant, CBRE, INC., f/k/a CB Richard Ellis, Inc., by and through its undersigned counsel, hereby answers the respective paragraphs of Plaintiff's Verified Complaint as follows:

1. Defendant admits that Plaintiff seeks damages but denies that Plaintiff is entitled to any such relief.

2. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2.

3. Defendant admits the allegations in Paragraph 3.

4. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4, since it is unknown what "conditions precedent" have been performed, waived or otherwise excused, and therefore Defendant denies the allegations in this paragraph.

5. Defendant admits that this Court has jurisdiction over CBRE and that CBRE employed Plaintiff in Broward County. CBRE denies the "acts described" in the Complaint occurred.

6. Defendant admits that venue is proper within this judicial district.

## General Allegations

7. With respect to Paragraph 7, Defendant admits that Plaintiff was employed by Defendant and that he was a Senior Associate at the time of his termination on February 27, 2014, but denies the remaining allegations in this paragraph.

8. Defendant admits the allegations in Paragraph 8.

9. With respect to Paragraph 9, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies same.

10. With respect to Paragraph 10, Defendant is without knowledge or information sufficient to form a belief as to the truth of its allegations, and therefore denies same.

11. With respect to Paragraph 11, Defendant is without knowledge or information sufficient to form a belief as to the truth of its allegations, and therefore denies same.

12. With respect to Paragraph 12, Defendant is without knowledge or information sufficient to form a belief as to what Plaintiff, Warstler or FTRES thought, and denies the remaining allegations in this paragraph.

13. Defendant denies the allegations in Paragraph 13.

14. Defendant denies the allegations in Paragraph 14, and further denies that the document attached as Exhibit "1" is a full and complete copy of the Tenant Broker and Real Estate Consulting Services contract between Defendant and the State of Florida.

15. With respect to Paragraph 15, Defendant admits that it entered into an Agreement dated April 18, 2007 (the "2007 Agreement"), but denies Plaintiff's characterization of the 2007 Agreement and denies the remaining allegations in this paragraph.

16. With respect to Paragraph 16, Defendant admits that it entered into the 2007 but denies Plaintiff's characterization of the Agreement, denies the remaining allegations in this

2

paragraph, and further denies that the document attached as Exhibit "2" is a full and complete copy of the Agreement.

17. With respect to Paragraph 17, Defendant admits that the Agreement contained provisions for compensation to Plaintiff, among others, but denies the remaining allegations in this paragraph.

18. With respect to Paragraph 18, Defendant admits that the Agreement was executed by William Moss on behalf of CBRE, along with Plaintiff, Warstler, and FTRES.

19. Defendant denies the allegations in Paragraph 19.

20. Defendant denies the allegations in Paragraph 20.

21. Defendant denies the allegations in Paragraph 21.

22. With respect to Paragraph 22, Defendant admits that it complied with the terms of the 2007 Agreement and that Plaintiff excised portions of language from internal emails, and denies the remaining allegations in this paragraph.

23. With respect to Paragraph 23, Defendant admits that it hired Lee Ann Korst and Kenneth Krasnow, but denies the remaining allegations in this paragraph.

24. Defendant denies the allegations in Paragraph 24.

25. Defendant denies the allegations in Paragraph 25.

26. Defendant denies the allegations in Paragraph 26.

27. Defendant denies the allegations in Paragraph 27.

28. With respect to Paragraph 28, Defendant denies that it failed to pay Plaintiff (or Warstler) any compensation to which they are entitled either as employees or under the terms of the Agreement, and denies the remaining allegations in this paragraph.

29. Defendant denies the allegations in Paragraph 29.

30. Defendant denies the allegations in Paragraph 30, and further denies that Plaintiff is entitled to any commissions on "the consulting fees or other fees" under the 2007 Agreement.

31. Defendant denies the allegations in Paragraph 31.

32. Defendant denies the allegations in Paragraph 32.

33. Defendant denies the allegations in Paragraph 33.

34. Defendant denies the allegations in Paragraph 34.

35. Defendant denies the allegations in Paragraph 35.

36. With respect to Paragraph 36, Defendant admits that Warstler and FTRES filed suit against Defendant in early 2013.

37. Defendant denies the allegations in Paragraph 37.

38. With respect to Paragraph 38, Defendant admits that the attorney for Warstler noticed Plaintiff for deposition. Defendant denies the remaining allegations in this paragraph.

39. With respect to paragraph 39, CBRE admits that it had discussions with Batchelder regarding being the point person for certain South Florida counties, otherwise CBRE denies the allegations of this paragraph.

40. With respect to Paragraph 40, Defendant denies that it met with Plaintiff before his deposition to prepare him for the deposition, and further denies the remaining allegations in this paragraph.

41. Defendant denies the allegations in Paragraph 41.

42. With respect to Paragraph 42, Defendant admits that the lawsuits filed by Warstler and FTRES settled on mutually acceptable terms, but denies it followed any deposition "preparation sessions" and further denies the remaining allegations of this paragraph.

43. Defendant denies the allegations in Paragraph 43.

44. Defendant denies the allegations in Paragraph 44.

45. With respect to Paragraph 45, Defendant admits that Plaintiff sent an e-mail to Mr. Krasnow on January 24, 2014, but denies all remaining allegations in this paragraph.

46. With respect to Paragraph 46, Defendant admits that Mr. Krasnow advised Plaintiff that all payments due to Plaintiff under the Agreement had been made. Defendant denies the remaining allegations in this paragraph.

47. With respect to Paragraph 47, Defendant admits that it terminated Plaintiff's employment on or about February 27, 2014, but denies the remaining allegations in this paragraph.

48. Defendant denies the allegations in Paragraph 48.

49. With respect to Paragraph 49, Defendant admits that it advised Plaintiff that the State of Florida elected not to renew the existing agreement and instead put the work out for bid, that CBRE was a successful bidder for additional work, and that this contract will be a new agreement and not a renewal. Defendant denies the remaining allegations in this paragraph.

50. With respect to Paragraph 50, Defendant denies Plaintiff's characterization of the contract and further denies that the document attached as Exhibit "4" is a Renewal Agreement.

51. Defendant denies the allegations in Paragraph 51.

52. Defendant denies the allegations in Paragraph 52.

## COUNT I
## FLORIDA WHISTLE-BLOWER ACT

53. With respect to Paragraph 53, Defendant reaffirms its responses to the paragraphs therein.

54. Defendant denies the allegations in Paragraph 54.

55. Defendant denies the allegations in Paragraph 55.

56. Defendant denies the allegations in Paragraph 56.

## COUNT II
## BREACH OF CONTRACT

57. With respect to Paragraph 57, Defendant reaffirms its responses to the paragraphs referred to therein.

58. Defendant denies the allegations in Paragraph 58.

59. Defendant denies the allegations in Paragraph 59.

60. Defendant denies the allegations in Paragraph 60.

## COUNT III
## UNPAID COMMISSIONS

61. With respect to Paragraph 61, Defendant reaffirms its responses to the paragraphs referred to therein.

62. With respect to Paragraph 62, Defendant admits that Plaintiff seeks commissions for deals with the State of Florida but denies that Plaintiff is entitled to any such commissions or other relief.

63. Defendant denies the allegations in Paragraph 63.

64. Defendant denies the allegations in Paragraph 64.

65. Defendant denies the allegations in Paragraph 65.

66. Defendant denies the allegations in Paragraph 66.

67. Defendant denies the allegations in Paragraph 67.

## COUNT IV
## BREACH OF CONTRACT

68. With respect to Paragraph 68, Defendant reaffirms its responses to the paragraphs referred to therein.

69. Defendant admits that Plaintiff seeks commissions for deals with the State of Florida and Defendant, but denies that Plaintiff is entitled to any such commissions or other relief.

70. Defendant denies the allegations in Paragraph 70.

71. Defendant denies the allegations in Paragraph 71.

72. Defendant denies the allegations in Paragraph 72.

73. Paragraph 73 does not contain an allegation of fact but rather Plaintiff's conclusion of law, to which no response is required.

74. Defendant denies the allegations in Paragraph 74.

75. Defendant denies the allegations in Paragraph 75.

## COUNT V
## DECLARATORY ACTION

76. With respect to Paragraph 76, Defendant reaffirms its responses to the paragraphs referred to therein.

77. Defendant admits that Plaintiff has brought this action under Florida's Declaratory Judgment Act, but denies that Plaintiff is entitled to any relief therein.

78. Defendant denies the allegations in Paragraph 78.

79. Defendant denies the allegations in Paragraph 79.

80. Defendant denies the allegations in Paragraph 80.

81. Defendant denies the allegations in Paragraph 81.

82. Defendant denies the allegations in Paragraph 82.

83. Defendant denies the allegations in Paragraph 83.

84. Defendant denies the allegations in Paragraph 84.

85. Defendant denies the allegations in Paragraph 85.

86. Defendant denies the allegations in Paragraph 86.

## COUNT VI

### UNLAWFUL INTERFERENCE WITH AN ADVANTAGEOUS BUSINESS RELATIONSHIP – KORST

87.-93. Defendant has filed a Motion to Dismiss this count, contemporaneously with the filing of this Answer. Accordingly, no response to these allegations is necessary at this time. To the extent a response is required, Defendant denies all allegations in their entirety.

## COUNT VII

### UNLAWFUL INTERFERENCE WITH AN ADVANTAGEOUS BUSINESS RELATIONSHIP – KRASNOW

94.-100. Defendant has filed a Motion to Dismiss this count, contemporaneously with the filing of this Answer. Accordingly, no response to these allegations is necessary at this time. To the extent a response is required, Defendant denies all allegations in their entirety.

101. Any allegations in the Complaint not specifically admitted above are hereby denied.

### AFFIRMATIVE DEFENSES

#### First Defense

Plaintiff's Complaint, in whole or in part, fails to state claims upon which relief can be granted.

#### Second Defense

Plaintiff's Complaint, in whole or in part, is barred by the applicable statute of limitations.

### Third Defense

Plaintiff's Complaint, in whole or in part, is barred by the statute of frauds.

### Fourth Defense

Plaintiff cannot state a claim for retaliation under the Florida Whistle-blower Act inasmuch as he did not engage in protected activity.

### Fifth Defense

Even if Defendant's conduct was influenced by impermissible retaliation, the same employment decisions would have been made regardless of any alleged retaliatory motive or Plaintiff's engaging in protected activity.

### Sixth Defense

Plaintiff lacks standing to sue under any contract between the Defendant and the State of Florida.

### Seventh Defense

Plaintiff's claim for unpaid commissions as a procuring cause are contrary to the terms and conditions of Plaintiff's employment agreement.

### Eighth Defense

Plaintiff was not the "procuring cause" of any contract between CBRE and the State of Florida and, in any event, Plaintiff's compensation is defined by the terms of his employment agreement with Defendant.

### Ninth Defense

Plaintiff is not entitled to recover commissions or other compensation with respect to any sale or leased transactions outside of the terms of Plaintiff's employment agreement with Defendant, or the terms of the April 2007 Agreement.

### Tenth Defense

Defendant's conduct and treatment of Plaintiff at all times were based on legitimate, nonretaliatory reasons unrelated to any alleged complaints raised by Plaintiff.

### Eleventh Defense

Plaintiff has waived, or alternatively is estopped seeking the relief sought herein by virtue of Plaintiff's failure to object to the manner and method upon which payments have been made for years under the terms of the April 2007 Agreement.

### Twelfth Defense

If Defendant acquires evidence about Plaintiff that would have disqualified Plaintiff from being hired, or would have resulted in his termination had Defendant known, then Plaintiff is not eligible for damages based upon this after-acquired evidence should he prevail.

### Thirteenth Defense

Plaintiff has failed to mitigate his damages.

### Fourteenth Defense

Without admitting that Plaintiff has suffered any damages, Plaintiff may not recover damages for any period of time in which he did not make reasonable efforts to find comparable, suitable employment.

### Fifteenth Defense

Without admitting that Plaintiff has suffered any damages, Defendant avers that any recovery by Plaintiff must be reduced by the amount of money he received by any sources subsequent to the alleged termination of her employment relationship with Defendant.

### Demand for Attorney's Fees

Pursuant to Section 448.104, Florida Statutes, and other applicable law, Defendant requests that this Court award to Defendant reasonable attorney's fees and costs.

### Certificate of Service

I hereby certify that on March 31, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notice of Electronic Filing.

CARLTON FIELDS JORDEN BURT, P.A.
P.O. Box 150
West Palm Beach, FL 33402-0150
Street Address:
CityPlace Tower – Suite 1200
525 Okeechobee Boulevard
West Palm Beach, FL 33401-6350
Telephone: (561) 659-7070
Facsimile: (561) 659-7368
E-mail: adelrusso@cfjblaw.com

By:   *Alexander D. delRusso*
        Alexander D. del Russo
        Florida Bar No. 350273

-- And --

Hardy L. Roberts, III
Florida Bar No. 062545

                Katherine L. Heckert
                Florida Bar No. 085038
                CARLTON FIELDS JORDEN BURT, P.A.
                PO Box 3239
                Tampa, Florida 33601-3239
                Phone (813) 229-4272
                Fax (813) 229-4113
                E-mail: hroberts@cfjblaw.com
                E-mail: kheckert@cfjblaw.com

                *Attorneys for Defendant, CBRE, Inc.*

## SERVICE LIST

*Brian Batchelder v. CBRE, Inc.*
**CASE NO. 0:14-cv-60772-RSR**
**United States District Court, Southern District**

Christopher J. Whitelock, Esq.
Whitelock & Associates, P.A.
300 Southeast Thirteenth Street
Fort Lauderdale, FL 33301
Telephone: (954) 463-2001
Facsimile: (954) 463-0410
Primary E-mail: cjw@whitelocklegal.com
Secondary E-mail: ark@whitelocklegal.com

**VIA CM/ECF**