UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 14-60772-CIV-ROSENBAUM/HUNT

BRIAN BATCHELDER, individually,

       Plaintiff,

v.

CBRE, INC., a Delaware corporation f/k/a
CB Richard Ellis, Inc.,

       Defendant.
_____/

## ORDER GRANTING MOTION TO REMAND

This matter is before the Court upon Plaintiff's Motion to Remand and to Amend Complaint [ECF No. 8]. The Court has considered the Motion, all supporting and opposing filings, and the record in this case. For the reasons set forth below, the Court grants the Motion to Remand.

### *BACKGROUND*

On March 28, 2014, Defendant CBRE, Inc. ("CBRE"), removed Plaintiff Brian Batchelder's state-court Verified Complaint to this Court. ECF No. 1. Batchelder was an employee of CBRE, a real-estate company, in CBRE's Fort Lauderdale, Florida, office. ECF No. 1-2 at 2, § 7. Batchelder alleges that he was part of a team that successfully lobbied the Florida State Legislature in 2008 to require the State to employee real-estate brokers for its leases and real-estate transactions. *Id.* at 2-3, § 13. The team thereafter executed a contract with CBRE that provided that Batchelder and the other team members would be entitled to a percentage of the fees as wages on the leasing and sale of commercial real estate to the State of Florida. *Id.* §§ 16-17. But according to Batchelder, CBRE failed to pay him the commission required under this contract, despite CBRE's entry into a Leasing

Agreement with the State. *Id.* at 4, § 20.

The Complaint then alleges that CBRE hired former State employees Lee Ann Korst and Ken Krasnow to oversee operations in CBRE's South Florida office. *Id.* § 23. According to Batchelder, Korst and Krasnow worked to steal business and commissions away from Batchelder and the team. *Id.* § 24. The Complaint alleges that "Defendant CBRE through Defendants Krasnow and Korst" intentionally did not pay Batchelder the commission. *Id.* at 5, § 27. Batchelder began to inquire and complain about failing to receive the commission, but according to the Complaint, Krasnow attempted to delay these inquiries and complaints by claiming he was investigating them when, in fact, he was not. *Id.* at 6, § 31. Batchelder alleges that "[t]his deception also continued to include the Defendant CBRE th[r]ough, or by Defendants Krasnow and Korst," who maintained that Korst was not receiving any of the commissions, which Batchelder claims misrepresented the truth. *Id.* § 32.

In addition, the Complaint alleges that, during the course of litigation brought by Batchelder's teammates, Krasnow lied and claimed that the failure to make the payments resulted from accounting errors. *Id.* at 9, § 46. According to Batchelder, CBRE terminated Batchelder's employment on February 27, 2014, because of the dispute about the commissions and Batchelder's involvement in the lawsuit brought by his teammates. *Id.* at 9-10, § 47.

Batchelder's Complaint brings claims against CBRE for breach of contract, unpaid commissions, violations of the Florida Whistle-Blower Act, and declaratory action. *Id.* at 11-17, §§ 53-86. In addition, the Complaint brings claims for unlawful interference with an advantageous business relationship against both Korst and Krasnow. *Id.* at 17-19, §§ 87-100.

CBRE removed the Complaint to this Court and subsequently moved to dismiss the counts against Korst and Krasnow. ECF Nos. 1; 5. Batchelder then filed the instant Motion to Remand and

to Amend Complaint. ECF No. 8.

## *DISCUSSION*

CBRE removed this matter pursuant to 28 U.S.C. § 1441. *See* ECF No. 1. Under that section,

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441(a). CBRE invokes the second sentence of this provision, relying upon diversity jurisdiction to support removal and establish this Court's jurisdiction. Batchelder subsequently moved to remand pursuant to 28 U.S.C. § 1447. ECF No. 8.

Federal courts enjoy limited jurisdiction only. *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 974 (11th Cir. 2005), *cert. denied*, 546 U.S. 872 (2005). Where a party removes a case, it shoulders the burden of demonstrating by a preponderance of the evidence that federal jurisdiction lies in the case. *See Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1294 (11th Cir. 2008) *(citing Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002)). In accomplishing this task, the removing defendant must overcome the narrow construction of removal statutes. *See Pacheco de Perez v. AT & T Co.*, 139 F.3d 1368, 1373 (11th Cir. 1998). "The strict construction of removal statutes . . . prevents 'exposing the plaintiff to the possibility that he will win a final judgment in federal court, only to have it determined that the court lacked jurisdiction on removal,' . . . a result that is costly not just for the plaintiff, but for all the parties and for society when the case must be relitigated." *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997) (quoting *Cowart Iron Works, Inc. v. Phillips Constr. Co., Inc.*, 507 F. Supp. 740, 777 (S.D. Ga. 1981)). Thus, "[a]ny doubts about

the propriety of federal jurisdiction should be resolved in favor of remand to state court." *Adventure Outdoors*, 552 F.3d at 1294 (citing *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996)).

In order to establish diversity jurisdiction, a litigant must show that an amount in excess of $75,000.00 is in controversy and that complete diversity among the parties exists. *See* 28 U.S.C. § 1332; *see also MacGinnitie v. Hobbs Group, LLC*, 420 F.3d 1234, 1239 (11th Cir. 2005). "In a case with multiple plaintiffs and multiple defendants, the presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action." *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 553 (2005) (citing *Strawbridge v. Curtiss*, 3 Cranch 267 (1806); *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 375 (1978)).

Batchelder argues that complete diversity of citizenship does not exist here because both Plaintiff Batchelder and Defendants Krasnow and Korst are citizens of the State of Florida. ECF No. 8 at 3. Batchelder admits that the Complaint mistakenly fails to include allegations that set forth the citizenship of Krasnow and Korst or, for that matter, include Krasnow and Korst in the case heading. Nevertheless, all parties seem to agree that Krasnow and Korst are citizens of Florida, the Complaint clearly purports to assert some claims against Krasnow and Korst only, *see* ECF No. 1-2 at 17-19, §§ 87-100, and refers in its allegations to "Defendant Korst" and "Defendant Krasnow," *see, e.g.*, *id.* ¶¶ 24, 26, 27, 30-33, 37, 39, 41, 46; and the Amended Complaint that Plaintiff proposes with the instant Motion does allege that Krasnow and Korst are residents of Florida and includes them in the case heading. ECF No. 8-1 at 1, §§ 3, 4.

CBRE argues that Batchelder fraudulently joined Korst and Krasnow in order to avoid federal diversity jurisdiction. ECF No. 11. "To establish fraudulent joinder, 'the removing party has the

burden of proving [by clear and convincing evidence] that either: (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court.'" *Stillwell v. Allstate Ins. Co.*, 663 F.3d 1329, 1332 (11th Cir. 2011) (quoting *Crowe*, 113 F.3d at 1538).

This burden is a "'heavy one' since the factual allegations in the complaint must be viewed in the light most favorable to the plaintiff . . . and since 'all that is required to defeat a fraudulent joinder claim is a possibility of stating a valid cause of action.'" *SFM Holdings, Ltd. v. Fisher*, 465 F. App'x 820, 821 (11th Cir. 2012) (quoting *Stillwell*, 663 F.3d at 1333; *Crowe*, 113 F.3d at 1538). Thus, unlike the standard on a motion to dismiss under Rule 12(b)(6), "'federal courts are not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law.' . . . [and] '[t]he plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a possibility of stating a valid cause of action in order for the joinder to be legitimate.'" *Stillwell*, 663 F.3d at 1333 (quoting *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998); *Crowe*, 113 F.3d at 1538).

To maintain an action for tortious interference with contractual rights under Florida law, "a plaintiff must prove that a third party interfered with a contract by 'influencing, inducing or coercing one of the parties to . . . breach the contract, thereby causing injury to the other party.'" *Cedar Hills Properties Corp. v. E. Fed. Corp.*, 575 So. 2d 673, 676 (Fla. 1st DCA 1991) (quoting *West v. Troelstrup*, 367 So. 2d 253, 255 (Fla. 1st DCA 1979)). CBRE argues that Korst and Krasnow are not third parties because they are agents of CBRE, a corporate party to the contract, acting within their capacities and scope as agents, so "cannot be considered to be a separate entity outside of the contractual relationship which can tortiously interfere with that relationship." *Id.*

But, as Batchelder notes, "[t]he privilege [of agents to a contracting party] is divested when the defendant 'acts solely with ulterior purposes . . . [that are] not in the principal's best interest.'" *O.E. Smith's Sons, Inc. v. George*, 545 So. 2d 298, 299 (Fla. 1st DCA 1989) (quoting *Sloan v. Sax*, 505 So. 2d 526, 528 (Fla. 3d DCA 1987)). The original Complaint does not expressly allege that Korst or Krasnow acted with "ulterior purposes" that were not in CBRE's "best interest," though the proposed Amended Complaint does contain these allegations. *See* ECF No. 8-1 at 19, 20, §§ 94, 101. Nevertheless, the original Complaint does allege that both Korst and Krasnow "committed intentional and unjustified interferences" with the contractual relationship between Batchelder and CBRE, including "violating the Contract by refusing to pay [Batchelder] his commissions, attempting to squeeze [Batchelder] out of his position by eliminating or significantly reducing his public sector contacts with his Clients (State of Florida and State of Florida Agencies), and diverting and otherwise stealing [Batchelder's] wages pursuant to the Contract . . . and terminating [Batchelder]." ECF No. 1-2 at 17-19, §§ 90, 91, 97, 98.

The task before the Court now is not to determine whether the original Complaint meets the formal pleading requirements of Rule 12(b)(6) but, rather, to determine whether "there is no possibility the plaintiff can establish a cause of action against the resident defendant." *Stillwell*, 663 F.3d at 1332. When the allegations are viewed in the light most favorable to Batchelder, it is clearly possible for Batchelder to establish a cause of action against Korst and Krasnow.

CBRE nevertheless notes that some sections of the Complaint contain language suggesting that the actions of these individual Defendants were taken "through" CBRE and argues that, because the original Complaint is a Verified Complaint, Batchelder is prevented from presenting allegations in the alternative. *See* ECF No. 11 at 12-13 (citing cases that state that a court should disregard an

affidavit when it contradicts previous deposition testimony). "At the summary judgment stage, a verified pleading . . . may also serve as an affidavit—thereby providing evidence of the factual allegations contained therein—so long as it conforms to the requirements of Fed. R. Civ. P. [56(c)(4)]." *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1305 n.23 (11th Cir. 2011) (citing *United States v. Four Parcels of Real Prop.*, 941 F.2d 1428, 1444 n.35 (11th Cir. 1991)). But the instant matter is far from the summary-judgment stage, and it is doubtful that any allegation in the Verified Complaint concerning whether Korst and Krasnow's intentions were aligned or opposed to that of CBRE would meet the "personal knowledge" requirement of Rule 56(c)(4). Moreover, Rule 8(d), Fed. R. Civ. P., expressly allows a complaining party to "set out 2 or more statements of a claim . . . alternatively or hypothetically . . . ." Fed. R. Civ. P. 8(d)(2).

Accordingly, the Court grants Batchelder's Motion to Remand on the basis of Batchelder's original Complaint. Batchelder nevertheless also moves the Court to amend the Complaint and rectify its formal mistakes in an abundance of caution. ECF No. 8 at 5-7. CBRE opposes the amendment by framing the purpose of the amendment as fraudulent joinder, *see* ECF No. 11 at 12, but as this Court has already determined, Korst and Krasnow were included as Defendants in the original Complaint and are therefore not newly joined by the amendment to the Complaint.

But even if the Court were to analyze Batchelder's Motion to Remand and to Amend as if Batchelder were moving to add entirely new defendants in his Amended Complaint, no basis would exist to deny remand and amendment under the appropriate standard. Title 28, United States Code, Section 1447(e) governs proposed amendments to remove complaints where the proposed amendment would join additional defendants who would destroy diversity jurisdiction. That statute provides, "If after removal the plaintiff seeks to join additional defendants whose joinder would

destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). Under Section 1447(e), a court faced with such a proposed amended complaint has two options: (1) it may deny joinder; or (2) it may permit joinder, but if it does so, it must remand the case to state court. *Ingram v. CSX Transp., Inc.*, 146 F.3d 858, 862 (11th Cir. 1998). As other circuits have explained, both the plain language and the legislative history of the statute mandate this construction.[1] *See*, *e.g.*, *Cobb v. Delta Exps, Inc.*, 186 F.3d 675, 677 (5th Cir. 1999); *Mayes v. Rapoport*, 198 F.3d 457, 461-62 & 462 n.10 (4th Cir. 1999). Accordingly, it is appropriate to consider the motion to amend and motion to remand simultaneously.

Although the Eleventh Circuit has not articulated factors for determining whether to grant or deny diversity-destroying joinder, other circuits have addressed the issue. In so doing, they have considered the following: "[(1)] the extent to which the purpose of the amendment is to defeat federal jurisdiction[;] [(2)] whether plaintiff has been dilatory in asking for amendment[;] [(3)] whether plaintiff will be significantly injured if amendment is not allowed[;] . . . [(4)] any other factors bearing on the equities;" (5) the defendant's interest in retaining the federal forum; and (6) the waste of judicial resources and potential for inconsistent results stemming from parallel federal and state proceedings.[2] *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987);[3] *see also*

---

[1] The Fifth Circuit pointed out in *Cobb* that Congress chose not to enact a version of what ultimately became Section 1447(e) that would have allowed district courts to join non-diverse defendants and, at their discretion, retain jurisdiction. *See Cobb*, 186 F.3d at 677 (citing David D. Siegel, *Commentary on 1988 Revision of Section 1477*, in 28 U.S.C.A. § 1447 (1994) (citing H.R. Rep. No. 100-889, 100th Cong., 2d Sess., 72-73, reprinted in 1988 U.S.C.C.A.N. 5982, 6032-33)). According to the cited House Report, Congress expressed concern about criticism over increasing federal subject-matter jurisdiction. *See* H.R. Rep. No. 100-889, 100th Cong., 2d Sess., 72-73, reprinted in 1988 U.S.C.C.A.N. 5982, 6032-33.

[2] The Tenth Circuit has suggested employing the usual test for allowing amendments to pleadings in determining whether to allow diversity-destroying joinder: "whether the amendment

*Mayes,* 198 F.3d at 462 (citations omitted), 463 (citations omitted); *Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 759 (7th Cir. 2009); *Bailey v. Bayer CropScience L.P.*, 563 F.3d 302, 309 (8th Cir. 2009).

And, although courts that have specifically considered the issue have concluded that the doctrine of fraudulent joinder does not directly apply after removal,[4] *see Mayes*, 198 F.3d at 463, some courts have nonetheless concluded that the fraudulent joinder doctrine "can be yet another element of the district court's 'flexible, broad discretionary approach' to resolving a post removal question of whether a non-diverse defendant should be joined under Section 1447(e)." *Id.* (citation omitted); *see also Schur*, 577 F.3d at 764 (citing *Mayes*, 198 F.3d at 463).

Here, Batchelder moved to remand four days after removal, so his motion was far from dilatory. Nor is Batchelder's sole purpose in moving to amend to destroy diversity jurisdiction in

---

will result in undue prejudice, whether the request was unduly and inexplicably delayed, [and whether it] was offered in good faith . . . ." *McPhail v. Deere & Co.*, 529 F.3d 947, 951-52 (10th Cir. 2008) (citation and quotation marks omitted).

[3]Although *Hensgens* was decided before Section 1447(e) was enacted, courts construing Section 1447(e) have relied upon its analysis in determining whether joinder should be granted. *See, e.g., Schur*, 577 F.3d at 759 & n.4; *Mayes*, 198 F.3d at 462-63; *Cobb*, 186 F.3d at 677; *Bailey*, 563 F.3d at 309.

[4]As the Fifth Circuit explained, the fraudulent-joinder doctrine applies when the diversity-destroying party was already a party to the case at the time of removal. *See Cobb*, 186 F.3d at 677. Moreover, the *Cobb* Court reasoned, under Section 1447(e), no court would exercise its discretion to permit joinder of a party against whom recovery is not really possible and whose joinder would destroy subject matter jurisdiction. *Id.* at 678. For these reasons, the Fifth Circuit found the doctrine of fraudulent joinder to be inapplicable post-removal. The Fourth Circuit noted, however, that when a party amends as of right under Rule 15(a), following removal, that process occurs without the court's involvement, even though Section 1447(e) still gives the court the discretion to permit or deny the amendment where the amendment would destroy diversity jurisdiction. *See Mayes*, 198 F.3d at 462 n.11. When a party amends as of right after removal and adds diversity-destroying defendants, in order for the court to be able to exercise its discretion under Section 1447(e), some courts have determined, it may need to consider the fraudulent-joinder doctrine.

light of the original Complaint's various allegations against Korst and Krasnow and the possibility that Batchelder can state a claim against Korst and Krasnow. Judicial resources can be economized by trying Batchelder's allegations against CBRE, Korst, and Krasnow together in one state forum instead of bifurcating the action among state and federal fora. Accordingly, the Court finds good cause to grant Batchelder's requested amendment to the Complaint.

CBRE points the Court to *Osgood v. Discount Auto Parts, LLC*, 955 F. Supp. 2d 1352 (S.D. Fla. 2013), where the court denied a plaintiff's motion to amend his complaint against an automobile-parts store to add a non-diverse employee of the store as a defendant. *Id.* at 1357. But the facts of *Osgood* are materially distinguishable from the facts here. There, the plaintiff's motion to add the individual defendant was made over a year after plaintiff knew the identity of the defendant, plaintiff had previously made offers to the corporate defendant to avoid removal to federal court, and plaintiff was not prejudiced by the denial of the amendment because the plaintiff could obtain full relief from the corporate defendant. *Id.* at 1355-56. Before the Court here, on the other hand, is not a motion to add an individual defendant made six months after the filing of the original complaint, as in *Osgood*, but instead a motion to remand a Complaint that contained allegations against individual, non-diverse defendants when originally filed. *Osgood* is therefore not instructive, and amendment and remand is warranted here.

In addition, Batchelder seeks an award of attorney's fees and costs under 28 U.S.C. § 1447(c). ECF No. 8 at 7-8. That section provides, "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing

costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140 (2005). Thus, fees should be denied when an "objectively reasonable basis" for removal exists. *Id.* at 141. District courts retain discretion to consider whether factors such as "a plaintiff's delay in seeking remand or failure to disclose facts necessary to determine jurisdiction" affect whether fees and costs should be awarded. *Id.*

Here, though none of the parties dispute that Korst or Krasnow are residents of Florida, the original Complaint failed to allege the citizenship or residence of these two Defendants. Accordingly, it was not objectively unreasonable for CBRE to remove the Complaint, which, on its face, did not set forth any facts that would destroy complete diversity. Batchelder's "failure to disclose facts necessary to determine jurisdiction" therefore warrants denial of an award of fees and costs.

### CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand and to Amend Complaint [ECF No. 8] is **GRANTED.** This case is remanded to the Seventeenth Judicial Circuit Court in and for Broward County, Florida. Plaintiff's Amended Complaint [ECF Nos. 8-1; 8-2] shall serve as the operative complaint on remand. Each party shall bear its own fees and costs in connection with the removal and remand of this case. The Clerk shall **CLOSE** this matter.

**DONE and ORDERED** at Fort Lauderdale, Florida, this 28th day of April 2014.

_____
ROBIN S. ROSENBAUM
UNITED STATES DISTRICT JUDGE

copies to:
The Honorable Patrick M. Hunt
Counsel of record